1
2
3
4
5
6

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

7
8
9
10
11
12
13

ANTHONY P. BOTTZECK, et al.,          )
                                       )
                    Plaintiffs,        )
                                       )
vs.                                    )
                                       )
LAS VEGAS METROPOLITAN POLICE DEPT.,  )
    et al.,                            )
                                       )
                    Defendants.        )
_____)

Case No. 2:10-cv-01093-RLH-PAL

**ORDER**

(IFP App - Dkt. ##16, 17)
(Mtn to Appoint - Dkt. #18)
(Amended Compl - Dkt. #19)

14
15
16

        This matter is before the court on Plaintiffs' Applications to Proceed *In Forma Pauperis* (Dkt. ##16, 17); Plaintiffs' Amended Complaint (Dkt. #19); and Plaintiff's Motion to be Appointed Guardian *Ad Litem* (Dkt. #18).

17      **I.    *In Forma Pauperis* Applications (Dkt. ##16, 17).**

18
19
20

        Plaintiffs Astrid Mangubat and Peter Bottzack have submitted the affidavits required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the requests to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

21      **II.    Motion to be Appointed Guardian *Ad Litem* (Dkt. #18).**

22
23
24
25
26

        Plaintiffs Mangubat and Bottzeck are attempting to bring claims on their own behalf and on behalf of their minor son, Anthony Bottzeck. As set forth in the court's previous Orders (Dkt. ##13, 15), because Anthony Bottzeck is a minor child, he can not appear on his own behalf in this litigation. He must appear through a guardian *ad litem*. Plaintiff Peter Bottzack seeks to be appointed as guardian *ad litem* for his minor son, Anthony Bottzeck, to prosecute Anthony's claims in this case.

27
28

        The Ninth Circuit has held that appointment of a guardian *ad litem* "must normally be left to the sound discretion of the trial court and may be reviewed only for abuse of discretion." *United States v.*

1  *30.64 Acres of Land*, 795 F2d 796, 804 (9th Cir. 1986).  Rule 17(c) of the Federal Rules of Civil

2  Procedure requires a court to take whatever it deems proper to protect a minor person during litigation.

3  It provides, in pertinent part: "If an infant does not have a duly appointed representative he may sue by

4  his next friend or by guardian ad litem.  The court shall appoint a guardian ad litem for an infant . . . or

5  shall make such other order as it deems proper for the protection of the infant."  *Id.*  Here, Anthony

6  Bottzeck is a minor and cannot prosecute his own claims in this court.  However, as set forth below,

7  Plaintiff Anthony Bottzeck has not stated a claim upon which relief can be granted.  Therefore, Peter

8  Bottzeck' Motion to Appoint will be denied without prejudice.

9  **III.     Screening the Amended Complaint (Dkt. #19).**

10         Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

11  complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

12  legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

13  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

14  court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

15  with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

16  deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

17  1995).

18         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

19  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

20  ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

21  2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

22  the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

23  555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

24  and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129

25  S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

26  true all well-pled factual allegations contained in the complaint, but the same requirement does not

27  apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

28  supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the

complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiffs' Complaint alleges that on July 7, 2008, Las Vegas Metropolitan Police Department ("LVMPD") Officer Leija arrested Peter Bottzeck and Astrid Magubat for domestic battery.  They allege that this was a false arrest because no violence or physical contact occurred.  The Plaintiff Parents were incarcerated for twenty-three hours in Las Vegas City Jail and forced to post bail.  The District Attorney refused the case, and a complaint was filed with LVMPD's Internal Affairs Department.  Plaintiffs allege Internal Affairs investigated the matter and determined Officer Leija violated LVMPD policy and the Parents' civil rights, acknowledging the incident occurred as Plaintiffs described it.  Specifically, the Parents allege their civil rights were violated because they were arrested and detained for twenty-three hours even though they had not committed a crime, and they were not read their *Miranda* warnings.  The Parents also assert Officer Leija tightened the handcuffs on their wrists causing pain and then ridiculed them for crying from the pain.

Plaintiffs assert Anthony Bottzeck was present at the scene and witnessed the events.  They assert Officer Leija made threatening statements, asking whether he should take the child to juvenile detention.  Anthony Bottzeck was intimidated and feared for his safety.  Since the incident, he has suffered nightmares, often cries in his sleep, and wakes up in cold sweats.  He is now afraid of the police and suffers from anxiety and stress related to this incident.

/ / /

/ / /

1    **I.**    **Plaintiffs Peter Bottzeck's and Astrid Magubat's Claims.**

2        **A.**    **The Plaintiff Parents' Claims of Excessive Force**

3        To the extent that Parents allege Officer Leija used excessive force in handcuffing them, the

4    Complaint does not state a claim under the Eighth Amendment.  The Eighth Amendment prohibits

5    "cruel and unusual punishment" against persons convicted of a crime.  *See generally* Amendment VIII;

6    *see also Graham v. Conner*, 490 U.S. 386, 393 n.6 (1989) (*citing Ingraham v. Wright*, 430 U.S. 651,

7    671 at n.1 (1977) ("Eighth Amendment scrutiny is appropriate only after the States has complied with

8    the constitutional guarantees traditionally associated with criminal prosecutions")).  Plaintiffs assert that

9    they were subjected to violent treatment during their arrest, and this does not implicate the rights

10   guaranteed under the Eighth Amendment.  The United States Supreme Court has found that "[w]here

11   the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is

12   most properly characterized as one invoking the protections of the Fourth Amendment." *Graham*, 490

13   U.S. at 394.  The Court held that all claims that law enforcement officers have used excessive

14   force–deadly or not–in the course of an arrest, investigatory detention, or other seizure of a free citizen

15   should be analyzed under the Fourth Amendment and its reasonableness standard.  *Id*. at 395.

16       Determining whether the force used to effect the arrest is "reasonable" under the Fourth

17   Amendment requires balancing "the nature and quality of the intrusion on the individual's Fourth

18   Amendment interests" against the countervailing governmental interests at stake.  *Id*. at 396 (*citing*

19   *United States v. Place*, 462 U.S. 696, 703 (1983).  The Supreme Court's "Fourth Amendment

20   jurisprudence has long recognized that the right to make an arrest . . . necessarily carries with it the right

21   to use some degree of physical coercion or threat thereof to effect it." *Id*.  The court must examine the

22   totality of the circumstances, including "the severity of the crime at issue, whether the suspect poses an

23   immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or

24   attempting to evade arrest by flight." *Id*.  The Court cautions that reasonableness must be judged from

25   the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight and

26   "[n]ot every push or shove, even if it may later seems unnecessary in the peace of a judge's chambers"

27   violates the Fourth Amendment.  *Id*. (*citing Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)).

28   "The calculus of reasonableness must embody allowance for the fact that police officers are often

4

1   forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly

2   evolving–about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

3   Accepting the Parents' allegations as true, they have stated a claim under the Fourth Amendment for

4   unreasonable use of force during their arrest.

5              **B.    Arrest Without Probable Cause**

6          The Parents may also be attempting to state a claim under the Fourth Amendment for arrest

7   without probable cause.  They assert they were arrested for domestic violence even though they had not

8   committed a crime, and no violence or physical contact occurred.  As a general matter, an arrest made

9   without a warrant requires a showing of probable cause.  *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir.

10  2001).  An arrest made without probable cause or other justification provides the basis for a claim of

11  unlawful arrest under § 1983 as a violation of the Fourth Amendment.  *Dubner v. City of San*

12  *Francisco*, 266 F.3d 959 (9th Cir. 2001). A warrantless arrest is reasonable where the officer has

13  probable cause to believe a crime has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146,

14  152 (2004).  "If an officer has probable cause to believe that an individual has committed even a very

15  minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the

16  offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

17         Whether a police officer has probable cause to arrest is determined by looking at the facts

18  known to the officer at the time of the arrest.  *Turner v. County of Washoe*, 759 F.Supp. 630, 634

19  (D.Nev. 1991).  Probable cause exists if the facts and circumstances within the person's knowledge and

20  of which they have reasonably trustworthy information are sufficient to warrant a prudent man in

21  believing that the person had committed a crime.  *Id.*  The existence of probable cause vitiates any

22  claim of unlawful arrest.  *Pierson v. Ray*, 386 U.S. 547 (1967); *Wyatt v. Cole*, 504 U.S. 158, 165

23  (1992); *Turner*, 759 F.Supp. at 633 (stating "It has long been established that a police officer who

24  arrests with probable cause is immune from suit in a civil rights action").  Whether charges are later

25  dismissed does not affect the determination of whether probable cause existed to support the arrest.

26  *Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1996).

27         The plaintiff bears the burden of proof on the issue of unlawful arrest, which can be satisfied by

28  showing that the arrest was conducted without a valid warrant.  *Dubner*, 266 F.3d at 965.  If the arrest

1   was warrantless, the burden then shifts to the defendant to provide some evidence that the arresting

2   officers had probable cause for a warrantless arrest.  *Id.*  The plaintiff still bears the ultimate burden of

3   proof, but the burden of production falls on the defendant.  *Id.*  Here, accepting the Parents' allegations

4   as true, they have stated a claim for a violation of their Fourth Amendment rights based on a

5   warrantless arrest for which probable cause did not exist.

6           **C.     The Parents' False Arrest Claims**

7           The Parents claim they were falsely arrested and imprisoned by Officer Leija.  False arrest/false

8   imprisonment are tort claims arising out of state law.   Under the doctrine of supplemental jurisdiction,

9   previously known as pendent jurisdiction, a federal court may hear state claims that are part of the

10  "same case or controversy" as a claim arising under federal law.  28 U.S.C. § 1367(a).  This court has

11  supplemental jurisdiction over Plaintiffs' state law claims because they arise from the same "nucleus of

12  operative fact" – Plaintiffs' arrest for domestic violence– as their valid federal claims.  *United Mine*

13  *Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

14          **D.     The Parents' Claims Against LVMPD and Plaintiffs' Official Capacity Claims.**

15          Plaintiffs assert that LVMPD is liable to them because it "violated police department policy."

16  Local governments, such as municipalities, can be sued under § 1983, but only for "a policy statement,

17  ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a

18  "governmental 'custom' even though such a custom has not received formal approval through the

19  body's official decision[-]making channels."  *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S.

20  658, 690-91 (1978).  However, the Parents have not alleged that the any of LVMPD's or the City of Las

21  Vegas' policies or customs resulted in a deprivation of their civil rights.  Rather, the Parents claim

22  LVMPD and the City "violated department policy" by making the arrest.  Therefore, their claim against

23  LVMPD and the City of Las Vegas will be dismissed with leave to amend.

24          The Parents also assert Officer Leija is liable in his official capacity because he violated police

25  department policy.  Municipal officers may be sued in their official capacities, but the plaintiff must

26  prove that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436

27  U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489

28  U.S. 378, 388-91 (1989).  As set forth above, the Parents have not alleged that their arrest arose out of

1    any official custom or policy, and their official capacity claim will be dismissed, with leave to amend.

2    **III.    Plaintiff Anthony Bottzeck's Claims.**

3            Plaintiff Anthony Bottzeck is attempting to state a claim for intentional infliction of emotional

4    distress.  He may also be attempting to state a claim for negligent infliction of emotional distress.  Both

5    claims are based on his having observed his parents' arrest for domestic violence and allegedly having

6    been threatened by Officer Leija to be taken to juvenile detention.  Nevada recognizes the tort of

7    intentional infliction of emotional distress ("IIED"), which requires "(1) extreme and outrageous

8    conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the

9    plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation."

10   *Star v. Rabello*, 97 Nev. 124, 125 (1981).  Anthony Bottzeck has not alleged any extreme and

11   outrageous conduct on the part of Officer Leija.  Therefore, his intentional infliction of emotional

12   distress claim will be dismissed with leave to amend.

13           Nevada also allows recovery for negligent infliction of emotional distress ("NIED") based on

14   "'the general principles of tort law, including the concepts of negligence, proximate cause, and

15   foreseeability."  *State v. Eaton*, 101 Nev. 705, 713 (1985) (recognizing NIED where bystander suffers

16   "serious emotional distress which results in physical symptoms caused by apprehending the death or

17   serious injury of a loved one due to the negligence of the defendant"), *overruled in part on other*

18   *grounds*, *State ex rel. Dept. of Transp. v. Hill*, 114 Nev. 810, 818 (1998) (*quoting Dillon v. Legg*, 441

19   P.2d 912, 924 (1968)); *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 482-83 (1993) (extending NIED

20   recovery to cases where the negligent act was committed directly against the plaintiff, rather than where

21   plaintiff is a bystander to the negligent act).  In *Olivero v. Lowe*, 116 Nev. 395, 399 (2000), the Nevada

22   Supreme Court held that "where emotional distress damages are not secondary to physical injuries, but

23   rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of

24   physical injury, proof of 'serious emotional distress' causing physical injury or illness must be

25   presented."  Here, Plaintiff Anthony Bottzeck has not alleged a physical injury, nor has he alleged that

26   he witnessed his parents being either seriously injured or killed.  Although he asserts that he suffered

27   physical symptoms as a result of Officer Leija's conduct toward his parents, and the court appreciates

28   that it was likely upsetting to the minor Plaintiff to witness his parents being arrested, he has not stated

1  a claim for negligent infliction of emotional distress. Therefore, this claim will be dismissed with leave

2  to amend.

3  Plaintiffs are informed that the court cannot refer to a prior pleading (i.e., Plaintiffs' original

4  complaint) in order to make the amended complaint complete. This is because, as a general rule, an

5  amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

6  1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to

7  any prior pleading. Once Plaintiffs file an amended complaint, the original complaint no longer serves

8  any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

9  and the involvement of each Defendant must be sufficiently alleged.

10 Based upon the foregoing,

11 **IT IS ORDERED:**

12 1.    Plaintiffs' request to proceed *in forma pauperis* is GRANTED. Plaintiffs shall not

13       be required to pay the filing fee of three hundred fifty dollars ($350.00).

14 2.    Plaintiffs are permitted to maintain this action to conclusion without the necessity of

15       prepayment of any additional fees or costs or the giving of a security therefor. This

16       Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of

17       subpoenas at government expense.

18 3.    The Clerk of the Court shall file the Complaint and shall issue summons to Defendant

19       Leija and deliver the same to the U.S. Marshal for service. Plaintiffs shall have twenty

20       days in which to furnish the U.S. Marshal with the required Form USM-285. Within

21       twenty days after receiving from the U.S. Marshal a copy of the Form USM-285,

22       showing whether service has been accomplished, Plaintiffs must file a notice with the

23       court identifying whether defendant was served. If Plaintiffs wish to have service again

24       attempted on an unserved defendant, a motion must be filed with the court identifying

25       the unserved defendant and specifying a more detailed name and/or address for said

26       defendant, or whether some other manner of service should be attempted. Pursuant to

27       rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within

28       120 days from the date this order is entered.

4.   From this point forward, Plaintiffs shall serve upon Defendant Leija, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants.  The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

5.   Plaintiffs' official capacity claim against Defendant Leija is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiffs will have until **August 22, 2011,** to file their Amended Complaint, if Plaintiffs believe the noted deficiencies can be corrected.

6.   Plaintiffs' claim against Defendant LVMPD is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiffs will have until **August 12, 2011,** to file their Amended Complaint, if Plaintiffs believe the noted deficiencies can be corrected.

7.   Plaintiffs' claim against Defendant City of Las Vegas is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiffs will have until **August 22, 2011,** to file their Amended Complaint, if Plaintiffs believe the noted deficiencies can be corrected.

8.   Plaintiff Anthony Bottzeck's claims for negligent infliction of emotional distress and intentional infliction of emotional distress are **DISMISSED** for failure to state a claim upon which relief can be granted.  Plaintiff will have until **August 22, 2011,** to file his Amended Complaint, if he believes the noted deficiencies can be corrected.

9.   If Plaintiffs choose to amend their Complaint, they shall clearly title the Amended Complaint as such by placing the words "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and

Plaintiffs shall place the case number, **2:10-cv-01093-RLH-PAL**, above the words "SECOND AMENDED"in the space for "Case No."

10.   The Clerk shall send Plaintiffs a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

11    Plaintiff Peter Bottzeck's Motion to Appoint *Guardian Ad Litem* (Dkt. #18) is DENIED WITHOUT PREJUDICE because Anthony Bottzeck has not stated a claim upon which relief can be granted.

Dated this 21st day of July, 2011.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE